IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MANDY MORRISON,** individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC, and FLEETCOR TECHNOLOGIES, INC.**<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.: 21-03950-TWT<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## FINAL APPROVAL ORDER AND JUDGMENT

This Litigation came before the Court for a hearing on September 6, 2023, to determine the fairness of the parties' Settlement Agreement, presented to the Court and the subject of this Court's Preliminary Approval Order [79][1] wherein the Court granted preliminary approval of the Settlement Agreement, preliminarily certified Rule 23 class action for settlement purposes only, found that it could likely approve the Settlement Agreement at the final approval stage, approved the form and manner of the Notice, and set the date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

---

[1] Bracketed references are to CM/ECF docket entries.

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement.

1. The Court has jurisdiction over the subject matter of this Litigation, the Named Plaintiff, the Opt-in Plaintiffs, the Rule 23 Class Members, and Defendants for purposes of approving the Settlement Agreement.

2. For the sole purpose of settling and resolving this Litigation, the Court certifies the Rule 23 Class pursuant to Fed. R. Civ. P. 23, which is defined as: "all persons who worked for Employer and/or an acquired predecessor company as call center agents in the Lexington, KY facility and/or who worked remotely from home in Kentucky (and not assigned to a particular location) at any time between September 24, 2016 and February 6, 2023, including the Named Plaintiff and Opt-In Plaintiffs who worked in Lexington, KY and/or who worked remotely from home in Kentucky."

3. On March 30, 2023, this Court preliminarily approved the Settlement Agreement [79] ("Preliminary Approval Order").

4. Notice to the Rule 23 Class Members has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the notice – which included direct notice through the U.S. Mail, which provided the best practicable

notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Rule 23 Class Members of the pendency of the Litigation, Class Counsel's application for attorneys' fees and reimbursement of litigations costs, additional compensation to the Named Plaintiff, Simpluris, Inc.'s fees and costs for serving as the Settlement Claims Administrator, and the rights of Rule 23 Class Members to object or request exclusion from the Settlement Agreement and to appear at the Final Approval Hearing – was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws and due process.

5. The Settlement Agreement was the result of arm's-length negotiations, including a mediation session overseen by Mediator Lee Parks, and conducted in good faith by experienced attorneys familiar with the legal and factual issues and is supported by the Named Plaintiff and Class Counsel.

6. The Named Plaintiff and Class Counsel adequately represented the Opt-In Plaintiffs and Rule 23 Class Members for purposes of entering into and implementing the Settlement Agreement.

7.      The Court hereby confirms its prior appointment of Named Plaintiff. Mandy Morrison as the Class Representative of the Opt-In Plaintiffs and Rule 23 Class Members.

8.      The Court hereby confirms its prior appointment of Brown, LLC and The Orlando Firm, P.C., for settlement purposes only, as Class Counsel for the Opt-In Plaintiffs and Rule 23 Class Members.

9.      The Court hereby approves the Settlement Agreement and hereby orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

10.     The Court finds that the settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Named Plaintiff, Opt-In Plaintiffs, and Rule 23 Class Members, and more particularly finds that:

A.      The settlement was negotiated vigorously and at arm's-length under the auspices of the Mediator by Counsel for Defendants, on one hand, and the Named Plaintiff and Class Counsel on behalf of the Opt-In Plaintiffs and Rule 23 Class Members, on the other hand;

B.      Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Litigation;

C.    If the Settlement had not been achieved, Named Plaintiff and the Opt-In Plaintiffs and Rule 23 Class Members faced the expense, risk, and uncertainty of extended litigation;

D.    The amount of the Settlement is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Fund is efficient and the claims process was not overly burdensome. The Settlement terms related to additional consideration for Named Plaintiff's general release of claims, attorneys' fees and costs, and fees and costs of the Settlement Claims Administrator do not raise any questions concerning fairness of the Settlement and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(c)(iv). The Settlement Fund is within the range of settlement values obtained in similar cases;

E.    At all times the Named Plaintiff and Class Counsel have acted independently of Defendants and in the interest of the Opt-In Plaintiffs and Rule 23 Class Members; and,

F.    There were no filed objections to the Settlement.

11.    The plan of allocation of the Net Settlement Fund is finally approved as fair, reasonable, and adequate. The Settlement Claims Administrator shall distribute the Net Settlement Fund in accordance with the Settlement Agreement. The Settlement Claims Administrator shall have final authority to determine the

share of the Net Settlement Fund to be allocated to each Class Member in accordance with the terms of the Settlement Agreement approved by the Court.

12. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

13. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. Accordingly, the Court orders that:

A. Each Rule 23 Class Member who did not submit a timely and valid Opt-Out Statement and who submitted a timely and valid Verification Form pursuant to this Agreement and/or is an Opt-In Plaintiff, fully, finally, and forever releases and dismisses with prejudice on behalf of himself/herself, his/her heirs, representatives, successors, assigns and attorneys the Released Class Claims (except FLSA claims) against Released Defendants. In addition, each Rule 23 Class Member who did not submit a timely and valid Opt-Out Statement and who did submit a timely and valid Verification Form pursuant to this Agreement and/or is an Opt-In Plaintiff, fully, finally and forever releases and dismisses with prejudice on behalf of himself/herself, his/her heirs, representatives, successors, assigns and attorneys any and all claims arising under the FLSA against Released Defendants that are within

the definition of Released Class Claims if the Rule 23 Class Member deposits or otherwise cashes the Settlement Checks sent to him/her.

B.    Each Opt-In Plaintiff fully, finally, and forever releases and dismisses with prejudice on behalf of himself/herself, his/her heirs, representatives, successors, assigns and attorneys the Released Class Claims against Released Defendants, including all claims arising under the FLSA against Released Defendants.

C.    In addition to the Released Class Claims of Rule 23 Class Members, , the Named Plaintiff receiving additional compensation in exchange for a general release of claims, waives, releases and discharges Defendants for herself and for all persons who may claim by or through her, including, without limitation, heirs, legatees, distributes, beneficiaries, trustees, administrators, executors, assigns and legal representatives, any and all claims, charges, demands, suits, causes or rights of action, at law or equity or otherwise, which Named Plaintiff ever had, now has, or may have against the Released Defendants, whether known or unknown, arising or which may have arisen at any time up to the Final Effective Date of this Agreement, including, without limitation, all claims, charges, demands, suits, causes, or rights of action raised in or relating to the Action, terms and conditions of Named Plaintiff's relationship with Defendants and/or acquired predecessor companies, or the termination of Named Plaintiff's relationship with Defendants, including without limitation, claims arising under Title VII of the Civil Rights Act of 1964, as

amended; claims under the Family and Medical Leave Act; claims under the Americans with Disabilities Act of 1967, as amended; claims under the Employee Retirement Income Security Act; and similar claims under appliable state and/or local law. Named Plaintiff further waives any right to employment by Released Defendants and this provision may be invoked to terminate her future employment, if any, and Named Plaintiff will not have any claim or cause of action as a result of such termination.

14. The Named Plaintiff, Opt-In Plaintiffs, and each Rule 23 Class Member who received Notice pursuant to this Agreement (except persons who timely and properly opted out of the settlement), acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Releasees (including Defendants) in any action or proceeding alleging any of the Released Claims.

15. The Named Plaintiff, Opt-In Plaintiffs, and each Rule 23 Class Member who received Notice pursuant to this Agreement (except persons who timely and properly opted out of the settlement) hereby releases the Releasees from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16. The operative complaint and all claims asserted therein in the Litigation are hereby dismissed with prejudice and without costs to any of the Parties and Releasees other than as provided for in the Settlement Agreement.

17. The Court awards to Class Counsel $416,666.67 (one-third (1/3) of the Gross Settlement Fund) as reasonable attorneys' fees, which shall include all attorneys' fees associated with the Litigation. In addition, Class Counsel shall receive $27,000.00 as reimbursement of costs associated with the Litigation. These amounts shall be paid from the Gross Settlement Amount as set forth in the Settlement Agreement.

18. The Court awards to Simpluris, Inc. $13,177.00 for serving as the Settlement Claims Administrator. This amount shall be paid from the Gross Settlement Amount as set forth in the Settlement Agreement.

19. The Court approves the additional compensation in exchange for Named Plaintiff's general release of claims in the amount of $13,000.00.

20. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the notices and payments made under the Settlement Agreement, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.

21.     Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

SO ORDERED this 1st day of Sepetember, 2023.

*[signature: Thomas W. Thrash]*

Thomas W. Thrash, Jr.
Senior United States District Judge